Cesar Gavidia, Esq.
CA Bar No.: 243992
Attorneys Dell & Schaefer, Chtd.
2404 Hollywood Blvd.
Hollywood, Florida 33020
Telephone: (954) 620-8300
Facsimile: (800) 380-6151
cesar@diattorney.com

Attorney for Plaintiff,
FERNANDO SANTIAGO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FERNANDO SANTIAGO, | CASE NO.:15-cv-00721-HSG |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | (1) BREACH OF CONTRACT |
| RIVERSOURCE LIFE INSURANCE COMPANY, | (2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING |
| Defendant | DEMAND FOR JURY TRIAL |

The Plaintiff, Fernando Santiago, ("Santiago") by and through his undersigned attorneys, sues the Defendant, RiverSource Life Insurance Company, ("RiverSource") and alleges as follows:

**PARTIES AND JURISDICTION**

1. At all times material hereto, Santiago, is in all respects a citizen of the State of California.

2. Defendant, RiverSource, is a corporation that is incorporated under the laws of the State of Minnesota. Defendant has its principal place of business in the State of Minnesota. Defendant is authorized to do and is doing business in Ventura County, California.

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a) (1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000,

1

excluding interest and costs.

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 (a), in as much as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

5. These are actions for breach of contract and breach of the covenant of good faith and fair dealing arising out of a long-term disability insurance policy.

6. On or about January 15, 2004, RiverSource (through its corporate predecessor, IDS Life Insurance Company), issued Individual Disability Income Policy # 9100-07269530 (the "Policy") to Santiago, which provides benefits in the event of a disability resulting from "Sickness" or "Injury". A copy the Policy is attached hereto as Exhibit "A".

7. The Policy was issued and delivered to Santiago in the State of California.

8. The Policy defines "Total Disability" as:

> **Total Disability**
>
> In the first five years of a Period of Disability, Total Disability means that because of Injury or Sickness, You are:
>
> 1. Unable to perform the material and substantial duties of Your Regular Occupation; and You are:
>
> 2. Under the regular and personal care of a licensed Physician other than Yourself. We will waive this requirement if We receive written proof acceptable to Us that further Physician's care would be of no benefit to You.

2

> After the first five years of a Period of Disability, Total Disability means that because of Injury or Sickness, You are:
>
> 1. Unable to perform the material and substantial duties of Your Regular Occupation; and You are:
>
> 2. Not engaged in any other gainful occupation; and You are:
>
> 3. Under the regular and personal care of a licensed Physician other than Yourself. We will waive this requirement if We receive written proof acceptable to Us that further Physician's care would be of no benefit to You.

9. At all times material hereto and since on or about July 5, 2004, Santiago has been disabled under the terms and conditions of the Policy.

10. Santiago notified RiverSource that as a result of "Sickness", as defined in the Policy, he was unable to perform the material and substantial duties of his occupation.

11. Santiago provided RiverSource sufficient "proof of loss" through, including but not limited to: medical records and evidence, attending physician statements and personal claimant statements regarding his medical disability.

12. After submitting notice of his disability claim, RiverSource approved Santiago's claim for disability benefits finding that due to "Sickness" Santiago was "Totally Disabled."

13. RiverSource approved and paid Santiago's disability claim from July 5, 2004 until October 31, 2019.

14. On or about November 25, 2019, RiverSource informed Santiago that his claim was paid through October 31, 2019 and that it was unable to approve additional benefits on the basis that, "the records do not support the need for any restriction precluding you from returning to work as a CNC Machinist…."

3

15. RiverSource, in breach of the contractual terms of the policy and in violation of the duty of good faith and fair dealing, disregarded medical findings and evidence supporting Santiago's claim for disability.

16. RiverSource has refused to pay any benefits due under the Policy since October 31, 2019, less any applicable waiting period, and has been in breach of contract since that time.

17. Santiago has been forced to retain the services of the undersigned attorneys and is obligated to pay a reasonable attorney fee.

## COUNT I – BREACH OF CONTRACT

18. Plaintiff, Santiago, hereby adopts, realleges and reaffirms each and every allegation contained in Paragraphs 1 through 17 of this Complaint as though fully alleged herein, and further alleges:

19. The failure and refusal of RiverSource to pay Santiago's claim for long-term disability benefits constitutes a breach of the Defendant's contractual obligations under the Policy.

20. At all times material hereto, Santiago, has complied with all conditions precedent to entitle him to benefits under the Policy, however, since October 31, 2019, RiverSource has refused and continues to refuse to pay the benefits owed to Santiago under the Policy.

21. At all times material hereto, the Policy has remained in full force and effect.

22. RiverSource's improper denial and delay in payments has caused damage to Santiago. As a direct and proximate result of RiverSource's breach, Santiago has suffered contractual damages in an amount in excess of $75,000, the precise amount of which shall be shown at the time of trial. As a further direct and proximate result of the denial of benefits and wrongful conduct of the Defendant, Santiago has suffered and will continue to suffer damages. Contractual damages also include interest and other incidental damages and out-of-pocket expenses, all in a further sum to be determined according to proof at the time of trial.

## COUNT II

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

23. Plaintiff, Santiago, hereby adopts, realleges and reaffirms each and every allegation contained in Paragraphs 1 through 22 of this Complaint as though fully alleged herein, and further alleges:

24. RiverSource breached the duty of good faith and fair dealing owed to Santiago in the following aspects:

a. Unreasonable and bad faith delay in paying the insurance proceeds of the Policy at a time when RiverSource knew Santiago was entitled to said benefits under the Policy, and knew of the devastating consequences to Santiago resulting from its failure to pay;

b. Unreasonable and bad faith failure to pay the insurance proceeds of the Policy at a time when RiverSource knew of the devastating consequences to Santiago resulting from its failure to pay;

c. Unreasonable withholding of payments from Santiago in bad faith, knowing Santiago's claim for benefits under the Policy to be valid for the reasons set forth above;

d. Unreasonable and bad faith interpretation of the terms and provisions of the Policy designed to delay the administration of Santiago's claim and to try and justify the denial of benefits;

e. Conducting a dilatory, unreasonable and unduly burdensome investigation, designed to confuse, burden and wear out its claimant and those assisting him in his claim for benefits, all with the knowledge of the devastating consequences to be suffered by Santiago as a result of its conduct;

  f. Failing and refusing to otherwise investigate and review the claim in a timely, fair and objective fashion;

  g. Santiago is informed and believes and thereon alleges that RiverSource has breached its duty of good faith and fair dealing owed to him by other acts or omissions of which Santiago is presently unaware. Santiago will seek leave of Court to amend or supplement this Complaint at such time as she discovers the other acts or omissions of RiverSource constituting such breach.

25. As a proximate result of the aforementioned wrongful conduct by RiverSource, Santiago has suffered, and will continue to suffer in the future, damages under the Policy plus interest, for a total amount to be shown at the time of trial.

26. As a further proximate result of the aforementioned wrongful conduct committed by RiverSource, Santiago has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Santiago's general damages in a sum to be determined at the time of trial.

27. As a further proximate result of the aforementioned wrongful conduct committed by RiverSource, Santiago was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, RiverSource is liable to Santiago for those attorneys' fees reasonably necessary and incurred by Santiago to obtain the Policy benefits in a sum to be determined at the time of trial.

28. The conduct of RiverSource described herein was intended to cause injury to Santiago and was despicable conduct carried on by RiverSource with a willful and conscious disregard of Santiago's rights; subjected him to cruel and unjust hardship in conscious disregard to his rights, and was an intentional misrepresentation, deceit, or concealment of material facts known to RiverSource with the intention to deprive Santiago of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Santiago to punitive damages in

6

an amount appropriate to punish or set an example of RiverSource.

29. Defendant's conduct in wrongfully terminating and denying benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance of assets essential to his health and welfare. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and as a consequence of Defendant's wrongful actions described herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to Section 3294 of the California Civil Code.

WHEREFORE, Plaintiff, Fernando Santiago, prays for judgment against RiverSource Life Insurance Company as follows:

1. Damages for failure to provide benefits under the Policy, in an amount in excess of $75,000, plus prejudgment interest, all to be determined at the time of trial;

2. General damages, including for mental and emotional distress, and other incidental damages to be proven at time of trial;

3. Punitive and exemplary damages in an amount in excess of $75,000 to be proven at time of trial;

4. For attorneys' fees reasonably incurred to obtain the Policy benefits in a sum to be determined at the time of trial;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper.

DATED: April 28, 2021                           ATTORNEYS DELL & SCHAEFER,
                                                CHARTERED


                                                 */s/ Cesar Gavidia*
                                                CESAR GAVIDIA
                                                Attorney for Plaintiff


**DEMAND FOR JURY TRIAL**

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

DATED: April 28, 2021					ATTORNEYS DELL & SCHAEFER, CHARTERED


					_/s/ Cesar Gavidia_____
					CESAR GAVIDIA
					Attorney for Plaintiff